**Alida De Jesus MARTINEZ–ARGUETA, Petitioner,**

v.

**John D. ASHCROFT, Attorney General, Respondent.**

No. 02–70580.

INS No. A76–356–650.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2003.*

Decided March 14, 2003.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Before CANBY, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Alida de Jesus Martinez–Argueta, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") dismissal of her appeal from an immigration judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. *See Kalaw v. INS,* 133 F.3d 1147, 1149–50 (9th Cir.1997). We review for substantial evidence and will reverse the BIA's determination only if the petitioner shows that the evidence compels such a result. *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). We deny the petition.

Contrary to Martinez–Argueta's contention, the BIA adequately articulated its reasons for denying her asylum application by explicitly agreeing with the IJ's reasoning. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995). That reasoning was supported by substantial evidence because the harassment Martinez–Argueta allegedly received from guerillas on account of her husband's employment by the government was limited to a single arson incident that did not result in any harm to her or her husband. Martinez–Argueta also alleged vague and unfulfilled threats against her husband, but these incidents do not compel a fact-finder to conclude that such treatment rose to the level of persecution. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (holding that threats standing alone generally do not constitute past persecution).

Martinez–Argueta's fear of future persecution is not objectively well-founded because she did not adduce "credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." *Arriaga–Barrientos v. INS,* 937 F.2d 411, 413 (9th Cir.1991). In addition, the subjective basis of Martinez–Argueta's fear is undermined by her admission that she has returned to Guatemala twice since she first arrived in the United States.

Because Martinez–Argueta failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.